1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DELTA WESTERN, INC., | CASE NO. C12-325 MJP |
| Plaintiff, | ORDER GRANTING MOTION FOR PROTECTIVE ORDER |
| v. | |
| BONANZA FUEL, INC., | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion for a protective order.  (Dkt. No. 17.)   Having reviewed the motion, the response (Dkt. No. 20), the reply (Dkt. No. 22), and all related papers, the Court GRANTS the motion.

The Court finds good cause to issue a protective order in this case, and GRANTS Plaintiff's motion.  The Court largely adopts the revised protective order Plaintiff filed.  The Court has amended it to ensure the parties comply with Local Rule CR 5(g) when filing materials under seal.  All information gained during the pretrial discovery process is subject to this Protective Order, which is as follows:

1.      This Protective Order applies to information or documents that Delta Western, Inc. or Bonanza Fuel, Inc. designate as Confidential Information.  The designation "Confidential" shall be limited to information that the designating party reasonably and in good faith believes contains personal, private, proprietary, financial, or trade secret information of the nature identified in Delta Western's Motion for Protective Order and subsequent Reply to Response of Bonanza Fuel, Inc. to Delta Western, Inc.'s Motion for Protective Order, which includes but is not limited to documents containing confidential financial, pricing, accounting, cost, marketing, strategic planning, customer and/or business practice information, the disclosure of which might competitively disadvantage the designating party but for the "Confidential" designation.

2.      Information designated as "Confidential Information" shall be used solely for the prosecution or defense of this litigation.  Any Party in possession of information designated by a party as Confidential Information shall maintain it in a reasonably secure manner so as to avoid improper disclosure.

3.      To designate information as Confidential Information, the designating party shall mark it, as "Confidential – Subject to Protective Order" in a manner not interfering with legibility of any document.  The designating party must mark each page of each document, or each component of any object, containing Confidential Information.

4.      If either party produces or has produced Confidential Information without marking it as such, that party may advise the other Party or Parties in writing that specified documents or information containing information that is "Confidential" and the Parties shall thereafter treat such specified documents or information as Confidential Information in accordance with this Protective Order.

5.      A Party may challenge a party's designation(s) of Confidential Information by filing a motion with the Court requesting that any information or document(s) be excluded from the provisions of this Protective Order.  Before filing any such motion, the challenging Party shall in good faith meet and confer with the other party to seek to reasonably resolve the disputed designations informally.

6.      Information and documents designated as "Confidential" may be disclosed to and used only by:

a.      The Parties, but limited to employees having responsibilities with respect to the prosecution or defense of the claims brought in this litigation;

b.      The Parties' counsel of record, including their attorneys, legal assistants and staff;

c.      The Court and its staff in this action;

d.      Any discovery referee, special master, referee or mediator as the Court may assign, and any mediator mutually selected by the Parties, in this action;

e.      Court and deposition reporters in this action;

f.      Vendors of outside photocopying, data processing and/or graphic production services engaged by any Party in connection with this action;

g.      Witnesses in this action, including but not limited to consulting or testifying expert witnesses whose opinions in this action will be based in whole or in part on Confidential Information, provided that the Parties or their counsel obtain, before disclosing any Confidential Information to a witness (other than a witness who is the author of, or was a recipient in the ordinary course of business of, a document that is designated as Confidential

ORDER GRANTING MOTION FOR
PROTECTIVE ORDER- 3

1  Information), that witness' written agreement, in the form attached as Exhibit "A" to Plaintiff's

2  motion for a protective order, to be bound by the terms of this Protective Order; and

3          h.      Other persons that are specifically identified and authorized by the

4  disclosing party.

5          7.      Any Party may use information designated as Confidential Information during a

6  deposition in this action provided that, prior to his or her examination, the deposition witness is

7  furnished with a copy of this Protective Order and executes a copy of Exhibit "A" to this

8  Protective Order.  All deposition testimony and exhibits shall be treated as Confidential

9  Information for a period of ten days after the delivery to the Parties of a draft of the transcript by

10 the court reporter.  Not later than ten days after such delivery, the designating party shall

11 designate any testimony or exhibits containing confidential information if applicable by page and

12 line number and exhibit number, identifying the designated pages as "Confidential," transmit

13 such designation(s) to the deposition reporter and the other Party, and ask the deposition reporter

14 to prepare the official transcript as follows:

15         a.      The entire transcript shall have sequential page and line numbers as in the

16 ordinary course;

17         b.      Testimony and exhibits that have been designated as Confidential

18 Information shall be separately bound in one or more volumes marked "CONFIDENTIAL -

19 SUBJECT TO PROTECTIVE ORDER," retaining the sequential page and line numbers and

20 exhibit numbers that were assigned, in the ordinary course, prior to the preparation of the

21 separately bound volume(s); and

22         c.      Testimony and exhibits not designated as Confidential Information shall

23 be bound as in the ordinary course, but with blank pages, redactions or other notations that

24

ORDER GRANTING MOTION FOR
PROTECTIVE ORDER- 4

1    reasonably identify portions of testimony or exhibits that have been extracted and separately

2    bound as Confidential Information.

3            8.      Any Confidential Information that is attached to, referred to or quoted in

4    pleadings, affidavits, deposition transcripts, hearing transcripts or any other paper filed with the

5    Court by any Party shall be redacted with the following legend: "Contains Confidential

6    Information Subject to Protective Order" on the privilege log.

7            9.      This Protective Order shall be without prejudice to the right of any Party to use or

8    object to the introduction of any Confidential Information at trial.  The Parties shall address the

9    handling and use of Confidential Information at trial in connection with Final Pre-Trial

10   Conference proceedings.

11           10.     Should any party wish to file materials on the docket under seal that are subject to

12   this order, they must comply with Local Rule 5(g).  That is, the party must file either a motion or

13   stipulation to file materials under seal, as required by Local Rule CR 5(g)(3) and 5(g)(4).  Merely

14   referencing this order will not suffice.  The standards required to have any matter kept under seal

15   are set forth in Local Rule 5(g)(2).

16           11.     Within 30 days following final resolution of this action, including all appeals, (a)

17   all Confidential Information of a disclosing Party shall be returned to or destroyed; and (b) each

18   Party shall make reasonable efforts to have witnesses return or destroy any Confidential

19   Information that they have received.   Both parties or their counsel shall provide to the disclosing

20   Party a written certification of compliance with this paragraph.

21           12.     This Protective Order shall not be admissible at trial in this action.

22           13.     If any Party to whom Confidential Information has been disclosed is served, in

23   any action or proceeding other than this action, with a subpoena or request for the production or

24

ORDER GRANTING MOTION FOR
PROTECTIVE ORDER- 5

1    disclosure of Confidential Information, that Party shall provide written notice to the disclosing

2    Party, enclosing a copy of the subpoena or request.  The Party subject to the subpoena or request

3    shall not produce or disclose the Confidential Information without the consent of the disclosing

4    party or until ordered to do so by a Court of competent jurisdiction, provided that the disclosing

5    Party makes a timely motion or other application for relief from the subpoena.

6          14.      This Protective Order shall survive any settlement, judgment or other disposition

7    or conclusion of this action, and all appeals therefrom, and this Court shall retain continuing

8    jurisdiction to enforce it.

9         The clerk is ordered to provide copies of this order to all counsel.

10        Dated this 7th day of August, 2012.

Marsha J. Pechman
United States District Judge